UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x

MEENU GAIND,

                Plaintiff,              04 Civ. 9407 (TPG)

      - against -                          **OPINION**

ANGEL GARCIA CORDERO and ANTA
INVERSIONES Y ASESORAMIENTO S.A.,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/23/10

------------------------------------------x

Plaintiff Meenu Gaind brings this action *pro se* against defendants Angel Garcia Cordero ("Cordero") and Anta Inversiones y Asesoramiento S.A. ("Anta"). Currently before the court are plaintiff's motion for leave to further amend the complaint and defendants' motions for summary judgment for lack of personal jurisdiction under Fed. R. Civ. P. 56 and to dismiss for failure to prosecute under Fed. R. Civ. 41(b).

Plaintiff has also filed a motion for default judgment.

Plaintiff's motion to amend the complaint is granted, and defendants' motions are denied. Plaintiff's motion for default judgment is denied.

### DISCUSSION

The case was discussed extensively in an opinion of the court dated March 30, 2006, and an amended opinion dated September 28,

1

2008, which dealt with an earlier set of motions. The court will assume familiarity with those opinions.

At that time, the court denied defendants' motion to dismiss for lack of personal jurisdiction. Although the court in a conference a year ago indicated that it would entertain another motion about personal jurisdiction, essentially nothing new has been presented. The court again denies the application to dismiss on this ground.

In the earlier opinion, the court permitted the claims of fraud and fraudulent conveyance to stand against Cordero and Anta. Plaintiff now wishes to amend her complaint to add claims under New York Debtor and Creditor Law ("NYDCL") § 274.

A conveyance violates NYDCL § 274 and is deemed constructively fraudulent if it is made without "fair consideration" and the transferor is engaged in or is about to engage in a business transaction for which its remaining property constitutes unreasonably small capital. See In re Sharp Int'l Corp., 403 F.3d 43, 53 (2d Cir. 2005).

In the fact section of the proposed new complaint, there are the following allegations. Plaintiff alleges that both she and Pierot Sr. purposely maintained their profits – roughly $10 million per year – in the Venture so that the Venture would be sufficiently capitalized to handle the large volume of IPO flipping deals. Moreover, plaintiff alleges that defendants Cordero and Anta participated in overseas transfers of the

Venture's assets for no consideration, which either rendered the Venture insolvent or left the business with unreasonably small capital.

This would appear to be a reasonable pleading under NYDCL § 274. The court grants plaintiff's motion to make the amendment to the complaint.

The court finds no merit in defendants' application to dismiss for failure to prosecute. The action was commenced on November 30, 2004. The record shows a reasonable amount of activity up to the present time.

There is no merit to plaintiff's motion for default judgment.

## CONCLUSION

Plaintiff's motion for leave to amend her complaint is granted (Docket No. 46), and defendants' motions for summary judgment for lack of personal jurisdiction and to dismiss for failure to prosecute (Docket No. 47) are denied. Plaintiff's motion for default judgment (Docket No. 54) is denied.

Dated: New York, New York
       August 23, 2010

SO ORDERED

_____
Thomas P. Griesa
U.S.D.J.