UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------x
                                :

MEENU GAIND,                     :
                                :

                   Plaintiff,     :      04 Civ. 9407 (TPG)
                                :

          – against –         :      **OPINION**
                                :

ANGEL GARCIA CORDERO and ANTA   :
INVERSIONES Y ASESORAMIENTO,    :
S.A.,                              :
                                :

                 Defendants.
-------------------------------------------------x

      The court granted defendants' motion for summary judgment on August 25, 2011. See Gaind v Cordero, 2011 U.S. Dist. LEXIS 95308, No. 04 Civ. 9407, at *2-5 (S.D.N.Y. Aug. 25, 2011). Plaintiff now moves for reconsideration of that decision pursuant to Local Rule 6.3.

      Plaintiff's motion is denied.

## Discussion

### 1)  Standard of Review

      A motion for reconsideration under Local Rule 6.3 "may be granted to correct clear error, prevent manifest injustice or review the court's decision in light of the availability of new evidence." Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003). Such motions should be "employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). These motions "must be narrowly construed and strictly applied in order to

discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court," <u>Range Road Music, Inc. v. Music Sales Corp.</u>, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000), and a losing party may not use a motion for reconsideration "to advance new theories that the movant failed to advance in connection with the underlying motion[.]" <u>Sollecito</u>, 253 F. Supp. 2d at 715. Ultimately, the decision whether to grant a motion for reconsideration rests within the court's discretion. <u>See</u> <u>McCarthy v. Manson</u>, 714 F.2d 234, 237 (2d Cir. 1983).

2)  Plaintiff's Claims

The court assumes the parties' familiarity with the facts in this case, an account of which can be found in this court's opinion granting defendants' motion for summary judgment.

A)  New Evidence

Plaintiff offers four new exhibits, which she labels exhibits A-D, that purport to support her contention as to the existence of the 1994 contract. The parties dispute whether a motion for reconsideration may refer to new evidence or contain exhibits at all. This dispute, however, is largely academic given the patent inadmissibility and irrelevance of the new evidence.

Exhibit A contains a clutch of documents demonstrating that non-party witness Karl Kripke neglected to sign his deposition. However, Kripke's signature was not needed. Rather, "a deponent is required to sign the deposition transcript only if review of the transcript is requested before the deposition is completed and changes are made by the deponent." <u>See</u> <u>EEOC v</u>

Nat'l Clearing Contractors, Inc., No. 90 Civ. 6398, 1996 U.S. Dist. LEXIS 7026, at *4 (S.D.N.Y. May 23, 1996). Plaintiff has not argued that Kripke did so.

Exhibit B consists of the affidavit of Bijon Mehta. Mehta relays statements from Citibank's general counsel concerning statements made by notary Carol Bumgarner, who allegedly told the general counsel that she did, in fact, notarize the 1994 contract. However, these nested statements clearly constitute inadmissible compound hearsay, which this court cannot credit when deciding or reconsidering summary judgment. See Major League Baseball Props., Inc. v. Salvino, Inc., 542 F.3d 290, 310 (2d Cir. 2008).

Exhibit C consists of the affidavit of Maria Travis. While this exhibit contains many interesting anecdotes from plaintiff's career, it mentions plaintiff's venture with Pierot, Sr. only once and in passing. Travis' simple assertion that "Ms. Gaind visited me in Hong Kong in the very early 1990s after she had started her trading venture with Robert Pierot" does nothing to establish the validity of the contract upon which plaintiff's case rests.

Exhibit D contains an email and attachment from Joseph A. Field, in which he reminisces about an encounter in February 1999 where plaintiff "brought me a notarized agreement between Mr. Pierot and [herself.]" Id. But Field's observation does not attest to the nature or contents of that agreement. The observed agreement could well have been another agreement entirely or the very photocopy produced for this litigation.

B) The Oral Contract Theory

Plaintiff now proposes that she and Pierot, Sr. formed an oral contract in

- 3 -

1994 featuring the same terms and conditions as the written 1994 contract. She claims that such a contract would be the inevitable result of the long-distance negotiations they regularly engaged in at the time.

The court declines to hear this argument, which was not raised in plaintiff's opposition to summary judgment and plainly appears in reaction to the court's decision. See Sollecito, 253 F. Supp. 2d at 715.[1]

C) Discovery Requests

Despite the court's active management of the discovery process in this action—culminating in orders on April 6, 2011 and June 7, 2011 firmly establishing June 13, 2011 as the deadline for the end of discovery—plaintiff asserts the court erroneously ignored her pleas for further discovery. Specifically, plaintiff points to a letter dated June 15, 2011, in which she requested an extension of the time for discovery, and to her motion to compel responses to several subpoenas issued on June 13, 2011 and not answerable for thirty days thereafter. Plaintiff argues that had the court granted these requests, she could have produced enough evidence to withstand summary judgment.

In the context of summary judgment, "[t]he nonmoving party must have had the opportunity to discover information that is essential to his opposition to the motion for summary judgment." Hellstrom v. United States Dep't of

---

[1] Moreover, it is hardly inevitable that sophisticated parties transacting complex business worth many millions of dollars would blithely enter into oral contracts before memorializing their agreements in writing.

Veterans Affairs, 201 F.3d 94, 97 (2d Cir. 2000) (internal quotation omitted). Accordingly, Rule 56(d) "provides that if a party opposing a summary judgment motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may…deny the summary judgment motion or order a continuance to allow the opposing party to…conduct…discovery that is material to its opposition to the motion." In re Dana Corp., 574 F.3d 129, 148 (2d Cir. 2009). This affidavit or declaration must show "(1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts."  Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 303 (2d Cir. 2003). Absent such a showing, "[t]he trial court may properly deny further discovery if the nonmoving party has had a fully adequate opportunity for discovery." Trebor Sportswear Co. v. Limited Stores, Inc., 865 F.2d 506, 511 (2d Cir. 1989).

Plaintiff filed her action in 2004 and had the opportunity to conduct discovery until June 13, 2011. Nonetheless, she neglected to serve the subpoenas at issue until the very last day allotted for discovery, with the knowledge that she would not receive any documents in response until after the expiration of the discovery deadline. To justify her tardiness, plaintiff cites an unspecified medical hardship that prevented timely discovery yet did not otherwise deter her vigorous participation in the lawsuit.

More importantly for present purposes, plaintiff neglected to submit

either an affidavit or a sworn declaration pursuant to Rule 56(d) in her papers opposing summary judgment. The affidavit she did submit never declares her discovery in the matter insufficient, and at best can be read to incorporate by reference her prior discovery requests and motions. In short, her actions did not satisfy the standard set forth in <u>Miller</u>, and the court rightly denied her further opportunity for discovery.

Plaintiff also alleges discovery was insufficient due to the court's failure to command defendants to produce complete transcripts of certain depositions relied on in defendants' summary judgment motion. Defendants, however, had no obligation to transcribe the depositions for plaintiff. Rather, plaintiff had to do so at her own expense. <u>See</u> <u>Doe v. United States</u>, 112 F.R.D. 183, 185 (S.D.N.Y. 1986). Plaintiff does not plausibly allege that defendants impeded her opportunity to seek a transcription on her own behalf. Thus her failure to do so cannot be charged either to defendants or to the court.

D) Carol Bumgarner's testimony

Carol Bumgarner is a Florida notary public whose signature appeared in the photocopy of the 1995 produced by plaintiff to opposed summary judgment. Bumgarner testified in her deposition that she was certain she did not notarize the original, which, she asserted, had been incompletely notarized pursuant to Florida state law.

Plaintiff now asserts the wholly novel argument that notary Carol Bumgarner's deposition testimony was not admissible. But plaintiff never raised this argument when opposing summary judgment. As such, the court

need not consider this claim. See Sollecito, 253 F. Supp. 2d at 715.

Plaintiff also contends that the court impermissibly weighed evidence instead of allowing such evidence to be presented at trial where the trier of fact would determine its credibility.  She claims the court improperly found Bumgarner's deposition "conclusive" while finding plaintiff's explanation for the absence of an original contract "not believable." Gaind, 2011 U.S. Dist. LEXIS 95308, at *13-14. However, the summary judgment opinion makes clear that these findings were supported to the extent that no triable issues of fact remained.

### E) United States v. Hatfield

Plaintiff lastly argues that Hatfield, 685 F.Supp. 2d. 318, 320 (E.D.N.Y. 2010), stands for the proposition that when the existence or authenticity of a document is called into question, the jury rather than the court should determine its authenticity. As such, she claims, the court could not decide that question on summary judgment.

Plaintiff misunderstands the case. Hatfield holds that the authenticity or existence of a document is to be treated like any other issue of fact, all of which are amenable to summary judgment when no reasonable jury could find for the non-moving party on the issue. Thus the court correctly treated the question of the authenticity of the 1994 contract as one of fact that would normally reach the jury were defendant not entitled to summary judgment. See Gaind, 2011 U.S. Dist. LEXIS 95308, at *13.

**Conclusion**

For the foregoing reasons, plaintiff's motion for reconsideration is denied.

Dated:  New York, New York
        December 16, 2011

Thomas P. Griesa
U.S.D.J.